# Exhibit 1

## 15EV004301 - Ji-Young Jang VS.Top Kim Group, Inc. d/b/a/ Sushi Bar Yu-Ka,Jong In Kim

Case Number: 15EV004301
File Date: 12/15/2015
Case Status: Open

Court: State Court
Case Type: TORT

Plaintiff : Jang, Ji-Young

**Active Attorneys**
Lead Attorney:
**FRANCO, LENNY**
Retained

Defendant : Top Kim Group, Inc. d/b/a/ Sushi Bar Yu-Ka

Defendant : Kim, Jong In

Defendant : Kim, Kyung Sook

### 12/15/2015 COMPLAINT
Complaint (Initial Filing)
Comment: Complaint
### 12/15/2015 Summons
Summons (Initial Filing)
Comment: Summons - Jong In Kim
### 12/15/2015 Summons
Summons (Initial Filing)
Comment: Summons - Kyung Sook Kim
### 12/15/2015 Case Initiation Form
Case Initiation Form (Initial Filing)
Comment: General Civil Case Information Form
### 12/15/2015 Summons
Summons (Initial Filing)
Comment: Summons - Top Kim Group, Inc.

Jang, Ji-Young
Total Financial Assessment
Total Payments and Credits

$261.00
$261.00

| Date | Description | | | Amount |
|------|-------------|---|---|--------|
| 12/16/2015 | Transaction Assessment | | | $261.00 |
| 12/16/2015 | E-File | Receipt # TCJT-226718 | Jang, Ji-Young | ($261.00) |

‹                                                                                    ›

Complaint (Initial Filing)
Summons (Initial Filing)
Summons (Initial Filing)
Case Initiation Form (Initial Filing)
Summons (Initial Filing)

State Court of Fulton County
**E-FILED**
15EV004301
12/15/2015 4:05:54 PM
Cicely Barber, Clerk
Civil Division

## General Civil Case Filing Information Form (Non-Domestic)

**Court**
☐ Superior
☑ State

County _Fulton_

Date Filed _12-15-2015_
MM-DD-YYYY

Docket # _____

**Plaintiff(s)**

_Jang   Ji-Young_
Last     First     Middle I. Suffix Prefix     Maiden

Last     First     Middle I. Suffix Prefix     Maiden

Last     First     Middle I. Suffix Prefix     Maiden

Last     First     Middle I. Suffix Prefix     Maiden

**No. of Plaintiffs** _1_

**Defendant(s)**

_Top Kim Group, Inc. d/b/a Sushi Bar Yu-Ka_
Last     First     Middle I. Suffix     Maiden

_Kim   Kyung Sook_
Last     First     Middle I. Suffix Prefix     Maiden

_Kim   Jong In_
Last     First     Middle I. Suffix Prefix     Maiden

Last     First     Middle I. Suffix Prefix     Maiden

**No. of Defendants** _3_

**Plaintiff/Petitioner's Attorney**     ☐ Pro Se

_Gardner   Jerilyn   E._
Last     First     Middle I.     Suffix

Bar # _139779_

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☑ Other Specify _Fair Labor Standards Act_

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

State Court of Fulton County
**E-FILED**
15EV004301
12/15/2015 4:05:54 PM
Cicely Barber, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

JI-YOUNG JANG,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )            Civil Action No.
                                  )
TOP KIM GROUP, INC. d/b/a         )
SUSHI BAR YU-KA, a corporation,   )
and JONG IN KIM and KYUNG         )
SOOK KIM, individuals,            )
                                  )
            Defendants.           )
_____

### COMPLAINT

COMES NOW the Plaintiff Ji-Young Jang ("Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint showing this honorable Court as follows:

1.

Plaintiff brings this lawsuit against Defendant Top Kim Group, Inc., d/b/a/ Sushi Bar Yu-Ka, ("TKG") and individual Defendants Jong In Kim ("Jong") and Kyung Sook Kim ("Kyung") (collectively "Defendants"), to recover unpaid minimum wages, unpaid overtime pay, improperly retained tips, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff also asserts her claim for FLSA Retaliation under 29 U.S.C. § 215(a)(3).

### Parties

2.

Plaintiff is an individual citizen of Georgia who worked for TKG under the job title of "Waitress" beginning in December, 2012, and continuing through on or about March 14, 2013 (the "relevant period").

3.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, TKG is a Georgia for-profit corporation subject to service in Gwinnett County, Georgia upon its registered agent, Kyung Sook Kim, at 2400 Pleasant Hill Road, Suite 340, Duluth, Georgia 30096.

4.

Kyung is a natural person and a Georgia resident subject to service at TKG's principal place of business, located at 3330 Piedmont Rd., Suite E, Atlanta, GA  30305, or wherever she may be found.

5.

Jong is a natural person and a Georgia resident subject to service at TKG's principal place of business, located at 3330 Piedmont Rd., Suite E, Atlanta, GA  30305, or wherever he may be found.

**Jurisdiction and Venue**

6.

This Court has subject matter jurisdiction over this dispute as this is a civil action arising under federal law for which Georgia courts have concurrent jurisdiction.

7.

Plaintiff was employed by TKG in this judicial district, Defendants do business in this judicial district, and venue is therefore proper in this Court.

8.

Plaintiff was an "employee" during her employment with TKG as defined by the FLSA and was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

-2-

9.

TKG was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b)&(d).

10.

TKG was, at all times during the relevant period in this Complaint and thereafter, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

11.

At all times throughout the relevant period, Defendants Kyung and Jong were in fact TKG's corporate officers.

12.

According to the Georgia Secretary of State's website, Kyung is Chief Executive Officer, Chief Financial Officer, and Secretary of TKG.

13.

According to http://www.bizapedia.com/ga/TOP-KIM-GROUP-INC.html, last visited November 30, 2015, Jong is the Chief Executive Officer, Chief Financial Officer, and Secretary of TKG.

14.

At all times throughout the relevant period in this Complaint and thereafter, Defendants Kyung and Jong were responsible for classification of Plaintiff's overtime status and for payment

of Plaintiff's wages under the FLSA, and were corporate officers with operational control of TKG's covered enterprise, and may therefore be held liable in an individual capacity as an "employer" for TKG's failure to pay overtime compensation to Plaintiff in violation of § 207 of the FLSA.

15.

Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during her employment with TKG during the relevant period by handling goods that were moved in interstate commerce.

16.

Plaintiff was covered by the maximum hours provisions of the FLSA throughout her employment with TKG as an employee "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

17.

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

**Facts Related To All Counts**

18.

Plaintiff was an hourly, non-exempt employee under the FLSA throughout her employment.

19.

TKG operates two different restaurant locations: one location is in Suwanee, Georgia, and the other location is in the Buckhead neighborhood of Atlanta, Georgia.

20.

Plaintiff primarily worked at the Buckhead location.

21.

Defendant Jong primarily worked at the Suwanee location, but often worked at the Buckhead location.

22.

Defendant Kyung primarily worked at the Buckhead location.

23.

Defendants frequently suffered or permitted Plaintiff to work more than forty hours in a workweek without receiving overtime compensation at the rate of time and one-half her applicable regular rate -- i.e., her weekly salary divided by the regularly scheduled forty-hour workweek ("regular rate") -- as required by the FLSA.

24.

By way of non-exhaustive example, during the week of February 17, 2013 through February 23, 2013, Plaintiff worked a total of 51 hours, and Defendants failed to compensate Plaintiff at one and one-half her proper regular rate for all hours worked over forty during that week.

-5-

25.

By way of non-exhaustive example, on or about January 1, 2013, Plaintiff complained to Defendant Jong about not receiving overtime pay for all hours worked over forty in a workweek and complained that Defendants were improperly pooling her tips pursuant to 29 U.S.C. § 203(m).

26.

In response to Plaintiff's complaint about not being properly paid overtime wages and the improper pooling of her tips, Defendant Jong told Plaintiff that she should not be complaining. Defendant Jong then gave Plaintiff $500 to "be quiet" about the FLSA violation.  Plaintiff returned the $500 to Defendant Jong.

27.

Defendants paid Plaintiff less than the federal minimum wage, taking advantage of a tip credit, which allows Defendants to pay servers less than the federal minimum wage by including in its calculation of wages a portion of the amounts employees receive in tips, but only if those tips are not being improperly pooled.

28.

As a "waitress," Plaintiff frequently received tips for work performed during her shifts.

29.

Defendants required Plaintiff to contribute her tips from each shift to a tip pool controlled by Defendants.

-6-

30.

Defendants Jong and Kyung impermissibly retained a portion of Plaintiff's tips for themselves and for other employees, such as kitchen staff, that do not customarily and regularly receive tips in violation of 29 U.S.C. § 203(m).

31.

By way of non-exhaustive example, during the week of February 24, 2013 through March 2, 2013, Defendants Jong and Kyung retained approximately $264.00 out of a tip pool of approximately $2,638.00 for themselves as "owners" and shared an additional approximately $108 with the kitchen staff.

32.

Because of Defendants' violation of 29 U.S.C. § 203(m), Defendants have failed to pay minimum and overtime wages to Plaintiff at the rates required by the FLSA.

33.

After Plaintiff made several internal complaints to Defendants about improperly pooling tips and not being paid her properly calculated overtime wages, Defendants terminated Plaintiff's employment.

34.

Defendants were aware prior to and during the relevant period that the FLSA applied to Plaintiff during her work for Defendants.

35.

Upon information and belief, TKG failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

-7-

## Count 1: FLSA – Minimum Wages

36.

All previous paragraphs are incorporated as though fully set forth herein.

37.

Plaintiff was an employee entitled to the minimum wage compensation for each hour worked as required by the FLSA throughout her work for Defendants during the relevant period.

38.

On numerous occasions between December, 2012 and March, 2013, Plaintiff worked hours for which Defendants failed to pay her the legally required minimum wages in violation of 29 U.S.C. § 206(a)(1)(C).

39.

As a result of Defendants' failure to pay Plaintiff any wages for certain hours between December, 2012 and March, 2013, Plaintiff was not paid minimum wages for all hours worked in one or more workweeks, and therefore Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206(a)(1)(C).

40.

Defendants' conduct as alleged herein constitutes a willful violation of the FLSA.

41.

Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wages for the legally required amount of compensation, including actual and liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action.

-8-

## Count 2: FLSA -- Overtime

42.

All previous paragraphs are incorporated as though fully set forth herein.

43.

Plaintiff was an hourly, non-exempt employee under the FLSA throughout her work for Defendants during the relevant period.

44.

Despite being aware that the FLSA applied to Plaintiff, Defendants violated the FLSA by not paying Plaintiff overtime compensation at the rate of one and one-half times her proper regular rate for all hours worked over forty during the relevant period, in addition to liquidated damages and interest for overtime not paid in each paycheck for the applicable pay period.

45.

As a result of Defendants' failure to compensate Plaintiff at a rate not less than one and one-half times the required regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

46.

The violations of the FLSA by Defendants as alleged herein were willful.

47.

Plaintiff is entitled to a judgment awarding recovery of her back overtime pay at the rate of one and a half times her applicable regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## Count 3: Tip-Pooling

48.

All previous paragraphs are incorporated as though fully set forth herein.

49.

Defendants impermissibly retained a portion of Plaintiff's earned gratuities by dispersing a portion of Plaintiff's tips to employees who do not customarily and regularly receive tips.

50.

Defendants knew or should have known that its policies and practices related to tip pooling violate the FLSA.

51.

Defendants' retention of a portion of Plaintiff's earned gratuities was willful.

52.

Plaintiff is entitled to recover from the Defendants her portions of the retained gratuities, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## Count 4: FLSA -- Retaliation

53.

All previous paragraphs are incorporated as though fully set forth herein.

54.

By complaining to Defendants that she was not being properly paid her minimum and overtime wages, Plaintiff was engaged in protected activity under the FLSA.

-10-

55.

After engaging in the protected activity, Plaintiff suffered an adverse employment action when Defendants terminated her employment.

56.

Defendants terminated Plaintiff's employment because she engaged in the protected activity of complaining to Defendants that she was not being properly paid her minimum and overtime wages.

57.

Plaintiff is entitled to recover from the Defendants her lost wages, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants finding a violation of the FLSA and awarding the following relief:

1.     Award Plaintiff her back unpaid wages at the legally required rate and her back overtime pay at one and one-half times her regular rate for all hours worked over forty in a workweek during the relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2.     Award Plaintiff her portion of gratuities wrongfully retained by Defendants and that were tipped-out to Defendants' and their employees who are not customarily and regularly tipped, and an equivalent amount in liquidated damages;

2.     Award Plaintiff her costs and attorney's fees; and

-11-

3.     Grant such further other and further relief as the Court finds just and proper in this

action.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted this 15th day of December, 2015.

/s/ Jerilyn E. Gardner
C. Andrew Head
Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 139779
Head Law Firm, LLC
1170 Howell Mill Road NW, Suite 305
Atlanta, GA  30318
Tel: (404) 924-4151
Fax: (404) 796-7338
Email: ahead@headlawfirm.com
       jgardner@headlawfirm.com

Attorneys for Plaintiff

State Court of Fulton County
**E-FILED**
15EV004301
12/15/2015 4:05:54 PM
Cicely Barber, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE NO. _____

Ji-Young Jang
_____

Plaintiff's Name, Address, City, State, Zip Code

v

Top Kim Group, Inc. d/b/a Sushi Bar Yu Ka
2400 Pleasant Hill Rd., Suite 340
Duluth, GA 30096

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ TBD |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| [✓] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | |
| | ............. |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Jerilyn E. Gardner, Head Law Firm, LLC
Address: 1170 Howell Mill Rd., Suite 305
City, State, Zip Code: Atlanta, GA 30318       Phone No.: 404-924-3151

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S W., Room TG100, Atlanta, GA 30303.

This _____       Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs not denied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served , this _____ day of _____, 20____.       _____
                                                            DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20____.     _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
15EV004301
12/15/2015 4:05:54 PM
Cicely Barber, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE NO. _____

Ji-Young Jang

Plaintiff's Name, Address, City, State, Zip Code

v

Jong In Kim
3330 Piedmont Rd, Suite E
Atlanta, GA 30305

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ TBD |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| [✓] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | |
| ............ | |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Jerilyn E. Gardner, Head Law Firm, LLC

Address: 1170 Howell Mill Rd. NW, Suite 305

City, State, Zip Code: Atlanta, GA 30318          Phone No.: 404-924-4151

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____          Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs not denied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served , this _____ day of _____, 20_____.
_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

GEORGIA, FULTON COUNTY

STATE COURT OF FULTON COUNTY
Civil Division

State Court of Fulton County
**E-FILED**
15EV004301
12/15/2015 4:05:54 PM
Cicely Barber, Clerk
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE NO. _____

Ji-Young Jang
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

v

Kyung Sook Kim
2400 Pleasant Hill Rd. Suite 340
Duluth, GA 30096

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ TBD |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| [✓] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | |
| | ............ |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Jerilyn E. Gardner, Head Law Firm, LLC

Address: 1170 Howell Mill Rd., Suite 305

City, State, Zip Code: Atlanta, GA 30318 _____ Phone No.: _____

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____

Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs not denied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____. _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)