IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JI-YOUNG JANG, ) | |
| ) | CIVIL ACTION FILE NO.: |
| Plaintiff, ) | |
| ) | 1:16-cv-00127-ELR |
| vs. ) | |
| ) | |
| TOP KIM GROUP, INC. d/b/a ) | |
| SUSHI BAR YU-KA, a corporation, ) | |
| JONG IN KIM, and ) | |
| KYUNG SOOK KIM, individually, ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION FOR STIPULATED JUDGMENT
APPROVING FLSA SETTLEMENT AGREEMENT**

Plaintiff Ji-Young Jang ("Plaintiff" or "Jang") and Defendants Top Kim Group, Inc. d/b/a Sushi Bar Yu-Ka ("Top Kim") and Jong In Kim and Kyung Sook Kim (collectively "Defendants") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement. In support of their joint motion, the Parties state as follows:

**STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS**

Plaintiff Jang worked as a server for Defendant Top Kim in one of Defendant's sushi restaurants. Plaintiff brought this action against Defendants

seeking allegedly unpaid overtime wages, tipped wages, failure to pay minimum wage, and retaliation under the Fair Labor Standards Act ("FLSA") (the "claims"). The Parties agreed to settle the case and now request this Court's entry of a stipulated judgment approving the settlement agreement.

On or about December 15, 2015, Plaintiff filed her Complaint for unpaid overtime wages, tipped wages, failure to pay minimum wage, and retaliation under the Fair Labor Standards Act ("FLSA") (the "claims"). [Doc. 1] Although Defendants denied liability, counsel for the parties agreed to exchange documents and other information in order to accurately assess the viability of Plaintiff's claims and the strength of any defenses to same.  After careful consideration, the Parties determined that settlement would be favorable to both sides instead of litigation.  Thus, the parties entered into settlement discussions and ultimately reached agreement as to all material terms of settlement as set forth in the Settlement Agreement and Release of Claims (the "Agreement") attached hereto as Exhibit A.

Under the Agreement, without admitting liability, Defendants agree to pay the total amount of $23,000, including payment to Plaintiff of $4,554.00 as overtime wages, tip pooling, and liquidated damages; $9,246.00 to Plaintiff as retaliation compensatory damages; and $9,200 to Plaintiff's counsel for attorney's

fees and costs.  The Parties expressly agreed to jointly submit the Agreement to this Honorable Court requesting the Court's approval of settlement.

## ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (holding claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor).  Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing *Lynn's Food, 679 F.2d at 1352-54*).  Accordingly, the Parties are submitting a copy of the Agreement for the Court's review, ratification, and entry of stipulated judgment approving it.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food*, 679 F.2d at 1355.  If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or

- 3 -

computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## I.    APPROVAL OF PAYMENT TO PLAINTIFF

There is a strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources."). In determining whether the settlement is fair, adequate, and reasonable, courts may (but are not required to) examine the following factors that are also used in approving the settlement of class actions under Federal Rule of Civil Procedure 23:

(1) the existence of collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Alabama, Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n.6 (11th Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl- 28GJK, 2009 WL 347418, at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Fla.*, No. 604CV1722ORL28JGG, 2006 WL 3614925, at *3

(M.D. Fla. Dec. 11, 2006).  In this case, an analysis of the above-listed factors dictates approval of the settlement.

As an initial matter, the settlement is the ultimate result of arms-length negotiations by Parties who were well represented by counsel and made aware of all potential outcomes by counsel, and represents a compromise between the legal positions taken by the Parties in this litigation.  The settlement is fair, the payment to Plaintiff is equitable, and there is no evidence of collusion.

In addition, the Agreement allows plaintiff to make a recovery now, without suffering the delay and risk of litigating her claims.  In this case, further litigation, including continued discovery and depositions, anticipated cross-motions for summary judgment, and potential appeals, could drag on for years and require the expenditure of a tremendous amount of resources.  Thus, the settlement satisfies the complexity, expense, and likely duration of the litigation element of the analysis.

Likewise, although the parties have not yet exchanged discovery, counsel for the parties have exchanged a great deal of information about the specifics of plaintiff's pay history while employed with Defendant Top Kim.  As a result of these efforts, the Parties have had sufficient information upon which to assess the

potential merit of each claim, ultimate liability, and the apparent risk of proceeding to trial.

As for the probability of Plaintiff's success on the merits of her claims, Defendants adamantly maintain that Plaintiff was compensated in compliance with the FLSA.  Defendants did not classify or pay Plaintiff as an exempt employee and it is Defendants' position that Plaintiff received pay well in excess of the required minimum wage.  Conversely, Plaintiff asserts that Defendants failed to properly compensate her for overtime wages, improperly paid tipped wages, failed to properly pay minimum wages, and retaliated against Plaintiff in violation of the FLSA by allegedly terminating her employment after she complained to Defendants about not being paid in accordance with the FLSA's overtime, minimum wage, and tip pooling requirements. The Parties therefore disagree on the probability of Plaintiff's success on the merits both as to liability and damages and the range of possible recovery.  "[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

Based on what the Parties learned through the discussions of counsel and the exchange of information and documents, the Parties negotiated a fair settlement for Plaintiff. The Settlement provides Plaintiff with a recovery greater than the maximum possible measure of damages that Defendants contends Plaintiff could ever be awarded in this case but less than the maximum possible measure of damages that Plaintiff contends she could be awarded. Therefore, Plaintiff's recovery is within the range of possible recovery amounts that should be approved as fair. By settling, Plaintiff avoids the risks of not establishing liability at trial and the possibility of an adverse cost judgment under Fed. R. Civ. P. 54, avoids substantial and indefinite delay in payment involved in having to wait for trial and any appeals, and avoids potential adverse determinations on damages such as rejection or reduction of the hours claimed or reduction of the calculation of overtime damages and/or liquidated damages arising from the number of overtime hours proven. Defendants' and Plaintiff's counsel therefore recommended acceptance of this settlement.

## II.   APPROVAL OF PAYMENT OF ATTORNEY'S FEES

The Agreement provides that Defendants shall pay Plaintiff's attorney's fees and costs in the amount of $9,200, to be approved by this Court. This is an individual overtime case rather than a collective action under the FLSA, and the

Agreement specifically provides for a payment amount to Plaintiff for her alleged damages, and to Plaintiff's counsel for attorney's fees and costs incurred in this action.  Therefore, as a district court within this Circuit recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

Moreover, because Defendants have agreed to and do not oppose the amount or reasonableness of the attorney's fees to be paid to Plaintiff's counsel, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Plaintiff's counsel or the amount of the total fees incurred.  *See Dail,* 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel,

- 8 -

and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs."). If, however, the Court requires a fee petition or other submission for the purposes of conducting a lodestar cross-check on the attorney's fees and costs to be paid to Plaintiff's counsel in this settlement, Plaintiff respectfully requests the opportunity to supplement this joint motion with the required submittal.

## CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter the Order attached hereto as Exhibit B approving the Agreement attached hereto as Exhibit A.

Respectfully submitted this 26th day of July, 2016.

| | |
|---|---|
| *s/ Jerilyn E. Gardner* | *s/ Robyn Oliver Webb* |
| C. Andrew Head | William T. Mitchell |
| Georgia Bar No. 341472 | Georgia Bar No.  513810 |
| Jerilyn E. Gardner | Robyn Oliver Webb |
| Georgia Bar No. 139779 | Georgia Bar No. 552505 |
| HEAD LAW FIRM, LLC | CRUSER & MITCHELL, LLP |
| 1170 Howell Mill Road, NW | Meridian II, Suite 4000 |
| Suite 305 | 275 Scientific Drive |
| Atlanta, Georgia 30318 | Norcross, Georgia 30092 |
| Telephone: (404) 924-4151 | Telephone: (404) 881-2630 |
| Facsimile: (404) 796-7338 | Facsimile: (770) 614-7500 |
| Email: ahead@headlawfirm.com; | Email: rwebb@cmlawfirm.com; |
| jgardner@headlawfirm.com | bmithchell@mfllaw.com |
| | |
| Attorneys for Plaintiff | Attorneys for Defendants |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), counsel hereby certifies that this document has been prepared using Times New Roman 14-point font, as approved by Local Rule 5.1(c).

This 26th day of July, 2016.

>*/s/ Robyn Oliver Webb*
>Robyn Oliver Webb

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 26th, 2016, the foregoing *Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement* was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

C. Andrew Head<br>
Jerilyn E. Gardner<br>
HEAD LAW FIRM, LLC<br>
1170 Howell Mill Road, NW<br>
Suite 305<br>
Atlanta, Georgia 30318<br>
ahead@headlawfirm.com<br>
jgardner@headlawfirm.com<br>
<br>
Attorneys for Plaintiff

This 26th day of July, 2016.

*s/ Robyn Oliver Webb*
Robyn Oliver Webb
Georgia Bar No. 552505

Attorneys for Defendants